IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KIM KUHNER, Individually, and as | ) | |
| Guardian of the Estate of J. K., a Minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  3:15-cv-00107-JPG-DGW |
| v. | ) | |
| | ) | |
| HIGHLAND COMMUNITY UNIT | ) | **JURY TRIAL DEMANDED** |
| SCHOOL DISTRICT #5, MICHAEL S. | ) | |
| SUTTON, MICHELLE L. RUSTEBERG, | ) | |
| JODY L. HALL, and CHRIS BECKER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, and for her Complaint against Defendants, Highland Community Unit School District #5, Michael S. Sutton, Michelle L. Rusteberg, Jody L. Hall, and Chris Becker, states as follows:

## PLAINTIFF

1.      At all times relevant herein, Kim Kuhner was a resident and citizen of Highland, Illinois located in Madison County.  Kim Kuhner is the natural mother of J.K. and was appointed Guardian of the Estate of J.K., a Minor, by the Third Judicial Circuit of Madison County, Illinois, and is therefore a proper party to bring an action for the injuries suffered by J.K.

2.      At all times relevant herein, J.K. was a resident and citizen of Highland, Illinois located in Madison County.  J.K. was also a student at Highland High School in Highland, Illinois.

## DEFENDANTS

3.      Defendant, Highland Community Unit School District #5 (*hereinafter* "Highland School District"), is the entity that operates Highland High School in Highland, Illinois and is

organized under the laws of the State of Illinois.   District personnel are responsible for the management, care, and control of the public schools within their jurisdiction, safety training for teachers, and the supervision of students within the Highland School District.

4.   At all times relevant herein, Highland School District was acting by and through its agents and/or employees, actual or ostensible, including but not limited to, Defendants Michael Sutton, Michelle Rusteberg, Jody Hall and Chris Becker, each of whom were acting within the scope and course of their employment and/or agency with Highland School District.

5.   On September 24, 2014, Highland School District was formally notified of this action and a request for them to retain any and all records was made.

6.   Upon information and belief, Defendant, Michael Sutton (*hereinafter* "Sutton), is a citizen and resident of Madison County, Illinois.   At all times relevant herein, Sutton was the Superintendent of Highland School District, and acted both individually and within the course and scope of his employment and or agency as Superintendent.

7.   Upon information and belief, Defendant, Michelle Rusteberg (*hereinafter* "Rusteberg"), is a citizen and resident of Madison County, Illinois.   At all times relevant herein, Rusteberg was a special education teacher and/or case worker at Highland High School, a Highland School District school, and acted both individually and within the course and scope of her employment and/or agency as a special education teacher and/or case worker.

8.   Upon information and belief, Defendant, Jody Hall (*hereinafter* "Hall"), is a citizen and resident of Madison County, Illinois.   At all times relevant herein, Hall was a teacher at Highland High School, a Highland School District school, and acted both individually and within the course and scope of her employment and/or agency as a teacher.

9.      Upon information and belief, Defendant, Chris Becker (hereinafter "Becker"), is a citizen and resident of Madison County, Illinois.  At all times relevant herein, Becker was the associate principal at Highland High School, a Highland School District school, and acted both individually and within the course and scope of his employment and/or agency as an associate principal.

## JURISDICTION AND VENUE

10.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as this Complaint alleges claims arising under federal law, specifically, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act of 1990.  This action also claims violations of Illinois state law.

11.      Jurisdiction is also proper pursuant to 28 U.S.C. § 1367(a) in that the claims averred herein are so related to the federal question claims asserted herein that they form part of the same case or controversy under Article III of the United States Constitution.

12.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that all of the events, acts and/or omissions giving rise to the claims herein occurred in the Southern District of Illinois.

## FACTUAL BACKGROUND - J.K.

13.      J.K. is now sixteen years old, but was a fifteen year old sophomore at Highland High School in Highland, Illinois during the majority of the events described herein.

14.      At all times relevant herein, J.K. was in Highland School District's special education program, specifically, the Individualized Education Program (*hereinafter* "IEP").  J.K. was placed in IEP during kindergarten by Highland School District, and has remained in the program ever since.   IEP is mandated by the Individuals with Disabilities Education Act (*hereinafter* "IDEA").

15.     The IDEA defines a "child with a disability" as a "child with intellectual disabilities, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance, orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and who, by reason thereof, needs special education and related services."  20 U.S.C. § 1401(3)(A).

16.     According to 34 C.F.R. § 300.22 (2006), IEP "means a written statement for a child with a disability that is developed, reviewed, and revised."  *See also* 20 U.S.C. § 1401(14). Each IEP includes, amongst other requirements, a disabled child's present levels of academic and functional performance; annual goals; measurements of progress; the special education services to be provided; the extent to which the child will not participate with nondisabled children in regular classes and activities; accommodations necessary for the child to achieve academic and functional performance consistent with State and District standards; and the date, location, frequency and duration of services to be provided to the child.  34 C.F.R. § 300.320 (2007).

17.     The bullying, intimidation, and harassment perpetrated by several different students of Highland High School, and directed towards J.K., began in early-November of 2013, and occurred on a daily basis.

18.     At first, these students would ridicule J.K. and call her embarrassing names, such as: "fat", "ugly", "whore", and "skank."  Additionally, students would make pig noises or sounds while J.K. ate lunch in the cafeteria and walked through the hallways of Highland High School.

19.     Also during this time, students began bullying and harassing J.K. based on her learning disability and placement in IEP.  The students would call J.K. "retard" and yell at her to "get back to your retard classes."

20.     In early December of 2013, the bullying and harassment directed towards J.K. became physically violent:  she was intentionally shoved into a door by a male student while walking through the hallways of Highland High School; on multiple occasions she was intentionally shoved into the lockers by students while walking through the hallways of Highland High School; and on multiple occasions she was intentionally tripped by students while walking up the stairwells of Highland High School.

21.     Since the bullying and harassment had now become physically violent and was occurring daily, J.K. informed her IEP teacher and case worker, Michelle Rusteberg, about what the students of Highland High School were doing to her and how it was affecting her.

22.     Instead of investigating J.K.'s reports of bullying and harassment, and taking remedial action to prevent further incidents, as required by Highland School District's bullying policy, Rusteberg shifted the blame upon J.K., telling her that she was "being too dramatic" and that J.K.'s low self-esteem made her an easy target.

23.     Shortly after informing Rusteberg about the ongoing bullying, J.K. informed her parents of the situation, and J.K.'s mother, Kim Kuhner, began communicating with Rusteberg.

24.     Despite Rusteberg's knowledge of the bullying and harassment, it continued to occur regularly.

25.     Jody Hall, J.K.'s physical education teacher, on several occasions would make fun of and harass J.K. in front of the other students for not complying with Hall's desired technique while performing certain calisthenics.  This harassment instigated by Hall fostered an environment for further bullying by the other students in the class with J.K.

26.     Believing such behavior to be acceptable after witnessing their teacher, Hall, openly make fun of J.K., the other students in the class began to make bullying, intimidating, and

harassing comments to J.K.  Upon observing the students bully, harass and intimidate J.K., Hall failed to take appropriate remedial action against the violating students to eliminate or prevent such harassment and bullying, as is required by Highland School District's bullying policy.

27.     During the third week of December 2013, J.K. stopped attending classes at Highland High School due to the daily bullying and harassment, and began homebound instruction – a program where educational services are provided by school district personnel within the student's home.

28.     Beginning in late November of 2013, J.K. started experiencing suicidal ideations, and on January 22, 2014, she acted on those thoughts, cutting her wrist.

29.     J.K. was taken to Gateway Regional Medical Center where she was admitted and remained hospitalized until January 27, 2014, because she was found to pose a risk of harm to herself.

30.     Sometime in either March or April of 2014, Kim Kuhner and J.K. met with associate principal Chris Becker to discuss the bullying and violence that J.K. was being subjected to while attending Highland High School.

31.     At or about that time, J.K. told Becker about the numerous instances of bullying, harassment and violence that she regularly experienced at Highland High School (as described in greater detail above).  Despite the physical, mental, and emotional injuries that J.K. had just suffered, which required a week of hospitalization, Becker told J.K. and Kim Kuhner "that's not bullying."

32.     At or about that time, J.K. also provided Becker with certain students' names that frequently bullied and harassed her.  Becker was dismissive of J.K.'s complaints, suggesting that the named students "wouldn't act in such a manner," and he asked J.K. if she had simply fallen

on her own while walking up the stairwells of Highland High School, instead of being intentionally tripped by certain students.

33.     Becker failed to thoroughly investigate J.K.'s claims of bullying, and failed to take appropriate remedial action against the violating students to eliminate the conditions that foster such bullying, as is required by Highland School District's bullying policy.

34.     J.K. continued with homebound instruction until early April 2014 when she decided to return to school.  Prior to J.K.'s return to classes at Highland High School, Kim Kuhner again met with Becker to inform him that J.K. had begun experiencing non-epileptic seizures, which were brought on by the stress and anxiety of returning to the hostile environment of Highland High School, and asked that she be called immediately if J.K. suffered one of these seizures while at school.

35.     In spite of both meetings with Chris Becker, upon returning to Highland High School for approximately one week, J.K. had to leave and resume homebound instruction because the bullying, harassment and intimidation by students of Highland High School continued to occur.

36.     J.K. again returned to Highland High School on August 13, 2014.  The effects of the stress and anxiety caused by the bullying, harassment and intimidation that had occurred during November, December and April, caused J.K. to stop attending classes at Highland High School and resume homebound instruction.

37.     J.K. has not attended classes at Highland High School since August 13, 2014.

38.     Unable to return to Highland High School or its homebound instruction, J.K. is currently finishing high school classes through an online private school program.

## Highland School District's Response to Bullying and Harassment

39.     Illinois law requires that each school district create and maintain a policy on bullying that must be filed with the State Board of Education.

40.     Highland School District adopted a bullying policy on December 15, 2008. (*Attached hereto as* Exhibit A).

41.     Highland School District's policy regarding bullying states, in part, that "[t]he Superintendent or designee shall develop and maintain a program that:

> Fully implements and enforces each of the following Board policies: a. 7:20, *Harassment of students Prohibited*. This policy prohibits any person from harassing or intimidating a student based upon a student's sex, color, race, religion, creed, ancestry, national origin, physical or mental disability, sexual orientation, or other protected group status. b. 7: 190, *Student Discipline*. This policy prohibits students from engaging in hazing or any kind of aggressive behavior that does physical or psychological harm to another or any urging of other students to engage in such conduct; prohibited conduct includes any use of violence, force, noise, coercion, threats, intimidation, fear, harassment, bullying, hazing, or other comparable conduct."

42.     Upon information and belief, the Highland School District, or Superintendent Sutton, did not develop or maintain a program that implemented any of the policies contained in the bullying policy.

43.     Instead of promoting an environment that was sensitive to bullying, intimidation, and harassment, Highland School District fostered an environment where bullying, intimidation and harassment was uncontrolled and, when it occurred, school personnel did not intervene and/or took part in the instigation of such conduct.

### COUNT I
*(42 U.S.C. § 1983 –*
*Highland Community Unit School District #5)*

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, and for Count I of her Complaint against Defendant, Highland Community Unit School District #5, states as follows:

44.     Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

45.     At all times relevant herein, and as a result of J.K.'s IEP, Defendant, Highland School District, and its agents and employees, had an affirmative duty to care for J.K. while she was in the care, custody and control of Highland School District.

46.     At all times relevant herein, Defendant, Highland School District, had a special relationship with J.K. due to Highland School District's care, custody and control over J.K. while she was attending class at Highland High School in the Special Education program.

47.     At all times relevant herein, Defendant, Highland School District, by and through its agents and employees, had a duty not to create, needlessly, an increased risk of harm to J.K. while J.K. was in the care, custody and control of Highland School District.

48.     At all times relevant herein, Defendant, Highland School District, increased the risk of harm to J.K. by failing to intervene, or otherwise take appropriate remedial action to eliminate or prevent such bullying and harassment from being perpetrated by students and faculty of Highland School District.

49.     At all times relevant herein, Defendant, Highland School District, by and through its agents and employees, was needlessly indifferent and objectively unreasonable in failing to

secure the welfare of J.K. as protected by the Fifth Amendment of the U.S. Constitution, applicable through the Fourteenth Amendment to Defendants herein.

50.     At all times relevant herein, Defendant, Highland School District, by and through its agents and employees, failed to protect J.K. from the increased risk of harm and/or danger that it had created for J.K. when it allowed students and faculty of Highland High School to bully, harass, and intimidate J.K., while J.K. was in the care, custody and control of Highland School District.

51.     By needlessly, and without justification, placing J.K. into a more dangerous situation than J.K. was prior to being allowed to be bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School, Defendant, Highland School District, by and through its agents and employees, including but not limited to, Defendants herein, violated J.K.'s substantive due process rights by depriving J.K. of life and liberty without due process as required by the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

52.     As a direct and proximate result of the violation of J.K.'s right to substantive due process, and the violation of her Fourteenth Amendment right to be secure in her own person, J.K. was bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School while in the care, custody and control of Highland School District.

53.     The placement of J.K. into a more dangerous situation than she was in before she was allowed to be bullied, harassed and intimidated on a continuous and daily basis by students of Highland High School, the violation of J.K.'s constitutional right to substantive due process, and the failure of Highland School District, by and through its agents and employees, to protect

its special needs students from bullying, harassment, and intimidation, when there was an affirmative duty to do so, constitutes state action that shocks the conscience and constitutes egregious conduct by Highland School District.

54.    The failure of Defendant, Highland School District, by and through its agents and employees, to protect J.K. from the increased risk of harm and/or danger that it had created proximately caused the severe and significant physical and emotional injuries suffered by J.K. as a result of being bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School.

55.    Article X of the Constitution of the State of Illinois provides a free public education to its children through high school.  As such, J.K. had a property right to a free education that was protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

56.    Furthermore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides J.K. with the right to bodily integrity, to be secure and to be left alone, and the right to liberty.

57.    Defendant, Highland School District, and its employees, agents, and/or personnel, acting both in their capacity as employees, agents, and/or personnel of Highland School District and individually at all times referenced in this Complaint, were acting under the color of state law.

58.    At all times relevant herein, Defendant, Highland School District, and its employees, agents, and/or personnel, knew or should have known that bullying existed within Highland School District, and should have further known that students in Highland School District's Special Education program required additional supervision and protections than other

students not enrolled in the program and, in particular, had specific supervision requirements pursuant to individually tailored IEP's put in place for those special needs students.

59.     Defendant, Highland School District, and its employees, agents, and/or personnel, while acting under the color of state law, deprived J.K. of her civil rights, including her right to an education, her right to bodily integrity, to be secure and left alone, and her right to life, pursuant to 42 U.S.C. § 1983, by condoning practices including, but not limited to, the following:  the inadequate training of teachers, administrators, and faculty members regarding bullying, harassment, intimidation, and violence; the failure to follow policies and procedures to protect J.K. from known dangerous situations, including the regularly occurring bullying, harassment, intimidation, and violence; the inadequate investigations of students' complaints of bullying; and the negligent permitting of the bullying, harassment, intimidation, and violence after being informed of and/or witnessing the acts with reckless and wanton disregard for J.K.'s civil rights.

60.     As a direct and proximate result of the foregoing acts and/or omissions, J.K. has suffered great bodily injury including, but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

61.     As a direct and proximate result of Highland School District's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Highland Community Unit School District #5, in an amount greater than Seventy-five Thousand Dollars ($75,000.00), in addition to punitive damages, costs of suit and attorney fees.

### COUNT II
*(Section 504 of the Rehabilitation Act of 1973 –*
*Highland Community Unit School District #5)*

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, and for Count II of her Complaint against Defendant, Highland Community Unit School District #5, states as follows:

62.     Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

63.     At all times relevant herein, Plaintiff was a student placed in an IEP and is an individual with a disability who is otherwise qualified for full participation in educational curriculum and related services under Section 504 of the Rehabilitation Act of 1973.

64.     Section 504 of the Rehabilitation Act specifically sets forth that "no qualified individual with a disability shall . . . solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance."

65.     Highland School District is a recipient of state and federal funding.

66.     Highland School District and its employees, agents, and/or personnel were deliberately indifferent to J.K.'s right to free public education by failing to take reasonable steps

to prevent the continuous bullying, harassment and intimidation that substantially restricted J.K.'s educational and developmental opportunities.

67.     At all times relevant herein, Highland School District and its employees, agents, and/or personnel knew or should have known that J.K. was being bullied and harassed based on her disability.

68.     J.K.'s disability and placement in an IEP was used as motivation for the bullying, harassment and intimidation.  Students of Highland High School would regularly refer to J.K. as "retard" and tell her to "get back to your retard classes."   The acts and omissions of Highland School District and its employees, agents, and/or personnel denied J.K. free public education, including but not limited to the following:  inadequate training of teachers, administrators, and faculty members regarding bullying, harassment, intimidation, and violence; the failure to follow policies and procedures to protect J.K. from known dangerous situations, including the regularly occurring bullying, harassment, intimidation, and violence; the inadequate investigations of J.K.'s complaints of said bullying; and the negligent permitting of the bullying, harassment, intimidation, and violence after being informed of and/or witnessing the acts, with reckless and wanton disregard for J.K.'s rights.

69.     The aforementioned acts and omissions by Defendant, Highland School District, were with willful and wanton disregard for J.K.'s rights.

70.     As a direct and proximate result of the foregoing acts and/or omissions, J.K. has suffered great bodily injury, including but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills

and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

71.     As a direct and proximate result of Highland School District's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Highland Community Unit School District #5, in an amount greater than Seventy-five Thousand Dollars ($75,000.00), in addition to costs of suit and attorney fees.

## COUNT III
### *(Title II of the Americans with Disabilities Act of 1990 – Highland Community Unit School District #5)*

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, and for Count III of her Complaint against Defendant, Highland Community Unit School District #5, states as follows:

72.     Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

73.     At all times relevant herein, J.K. is an individual with a disability who is otherwise qualified for full participation in educational curriculum and related services under Title II of the Americans with Disabilities Act ("ADA") which prohibits the exclusion of or discrimination against any otherwise qualified individuals with a disability by a public school district and other public entities.

74.     Defendant, Highland School District, is a "Public Entity" as defined by 42. U.S.C. §12131.

75.     Defendant, Highland School District, in violating J.K.'s rights, as alleged above, has also violated her rights under the ADA.

76.     Defendant, Highland School District, and its employees, agents, and/or personnel, were deliberately indifferent to J.K.'s right to free public education by failing to take reasonable protective measures to prevent the continuous bullying, harassment and intimidation that substantially restricted J.K.'s educational and developmental opportunities.

77.     At all times relevant herein, Defendant, Highland School District, and its employees, agents, and/or personnel, knew or should have known that J.K. was being bullied and harassed based on her disability.

78.     Defendant, Highland School District, is liable to J.K. for its violations of Title II of the ADA in that it has intentionally excluded her from participation in or denied her the benefits of public education.

79.     Defendant, Highland School District, by and through its agents and employees, acted with reckless and deliberate indifference to J.K.'s right to be free from discrimination and harassment, such as the bullying, harassment and intimidation that she suffered.

80.     J.K.'s disability and placement in an IEP was used as motivation for the bullying, harassment and intimidation.  Students of Highland High School would regularly refer to J.K. as "retard" and tell her to "get back to your retard classes."  The acts and omissions of Defendant, Highland School District, and its employees, agents, and/or personnel, denied J.K. free public education, including but not limited to the following:  inadequate training of teachers, administrators, and faculty members regarding bullying, harassment, intimidation, and violence;

the failure to follow policies and procedures to protect J.K. from known dangerous situations, including the regularly occurring bullying, harassment, intimidation, and violence; the inadequate investigations of students' complaints of said bullying; and the negligent permitting of the bullying, harassment, intimidation, and violence after being informed of and/or witnessing the acts with reckless and wanton disregard for J.K.'s rights.

81.     As a direct and proximate result of the foregoing acts and/or omissions, J.K. has suffered great bodily injury, including but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

82.     As a direct and proximate result of Defendant Highland School District's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Highland Community Unit School District #5, in an amount greater than Seventy-five Thousand Dollars ($75,000.00), in addition to costs of suit and attorney fees.

## COUNT IV
### (42 U.S.C. § 1983 – Michael Sutton)

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, and for Count IV of her Complaint against Defendant, Michael Sutton, states as follows:

83.     Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

84.     At all times relevant herein, and as a result of J.K.'s IEP, Defendant, Highland School District, and its agents and employees, including Defendant, Sutton, had an affirmative duty to care for J.K. while she was in the care, custody and control of Highland School District and Defendant Sutton.

85.     At all times relevant herein, Defendant, Highland School District, and its agents and employees, including Sutton, had a special relationship with J.K. due to Highland School District's care, custody and control over J.K. while she was attending class at Highland High School in the Special Education program.

86.     At all times relevant herein, Defendant, Sutton, by and through the scope of his employment with Highland School District, had a duty not to create, needlessly, an increased risk of harm to J.K. while J.K. was in the care, custody and control of Highland School District and Defendant Sutton.

87.     At all times relevant herein, Defendant, Sutton, by and through the scope of his employment with Highland School District, increased the risk of harm to J.K. by failing to intervene, or otherwise take appropriate remedial action to eliminate or prevent such bullying and harassment being perpetrated by students and faculty of Highland School District.

88.     At all times relevant herein, Defendant, Sutton, by and through the scope of his employment with Highland School District, was needlessly indifferent and objectively unreasonable in failing to secure the welfare of J.K. as protected by the Fifth Amendment of the U.S. Constitution, applicable through the Fourteenth Amendment to Defendants herein.

89.     At all times relevant herein, Defendant, Sutton, by and through the scope of his employment with Highland School District, failed to protect J.K. from the increased risk of harm and/or danger that he had created for J.K. when he allowed students and faculty of Highland High School to bully, harass, and intimidate J.K., while J.K. was in the care, custody and control of Highland School District and Defendant, Sutton.

90.     By needlessly, and without justification, placing J.K. into a more dangerous situation than J.K. was prior to being allowed to be bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School, Defendant, Sutton, violated J.K.'s substantive due process rights by depriving J.K. of life and liberty without due process as required by the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

91.     As a direct and proximate result of the violation of J.K.'s right to substantive due process, and the violation of her Fourteenth Amendment right to be secure in her own person, J.K. was bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School while in the care, custody and control of Highland School District and Defendant, Sutton.

92.     The placement of J.K. into a more dangerous situation than she was in before she was allowed to be bullied, harassed and intimidated on a continuous and daily basis by students of Highland High School, the violation of J.K.'s constitutional right to substantive due process,

and the failure of Defendant, Sutton, by and through the scope of his employment with Highland School District, to protect Highland School District's special needs students from bullying, harassment, and intimidation, when there was an affirmative duty to do so, constitutes state action that shocks the conscience and constitutes egregious conduct by Defendant, Sutton.

93.     The failure of Defendant, Sutton, by and through the scope of his employment with Highland School District, to protect J.K. from the increased risk of harm and/or danger that he had created proximately caused the severe and significant physical and emotional injuries suffered by J.K. as a result of being bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School.

94.     Article X of the Constitution of the State of Illinois provides a free public education to its children through high school.  As such, J.K. had a property right to a free education that was protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

95.     Furthermore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides J.K. with right to bodily integrity, to be secure and to be left alone, and the right to liberty.

96.     At all times relevant herein, Defendant, Sutton, acting both in his individual capacity as well as within the scope of his employment with Highland School District, was acting under the color of state law.

97.     At all times relevant herein, Defendant, Sutton, acting both in his individual capacity as well as within the scope of his employment with Highland School District, knew or should have known that bullying existed within Highland School District, and should have further known that students in Highland School District's Special Education program required

additional supervision and protections than other students not enrolled in the program, and in particular, had specific supervision requirements pursuant to individually tailored IEP's put in place for those special needs students, including J.K.

98.     Defendant, Sutton, while acting under the color of state law, deprived J.K. of her civil rights, including her right to an education, her right to bodily integrity, to be secure and left alone, and her right to life, pursuant to 42 U.S.C. § 1983, by condoning practices, including but not limited to the following:  the inadequate training of teachers, administrators, and faculty members regarding bullying, harassment, intimidation, and violence; the failure to follow policies and procedures to protect J.K. from known dangerous situations, including the regularly occurring bullying, harassment, intimidation, and violence; the inadequate investigations of students' complaints of said bullying; and the negligent permitting of the bullying, harassment, intimidation, and violence after being informed of and/or witnessing the acts, with reckless and wanton disregard for J.K.'s civil rights.

99.     As a direct and proximate result of the foregoing acts and/or omissions, J.K. has suffered great bodily injury, including but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

100.    As a direct and proximate result of Defendant Sutton's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Michael Sutton, in an amount greater than Seventy-five Thousand Dollars ($75,000.00), in addition to punitive damages, costs of suit and attorney fees.

## COUNT V
### *(Willful and Wanton Misconduct – Michael Sutton)*

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, and for Count V of her Complaint against Defendant Michael Sutton states as follows:

101.    Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

102.    At all times relevant herein, as Superintendent for Highland School District, Defendant, Sutton, had an affirmative duty to implement and enforce the policies and procedures of Highland School District's Special Education and Services Department within Highland High School.

103.    At all times relevant herein, based on the aforementioned duty, Defendant, Sutton, as Superintendent for Highland School District, failed to develop or maintain a program that implemented any of the policies contained in the bullying policy, and failed to intervene, or otherwise take appropriate remedial action to eliminate or prevent such bullying and harassment being perpetrated by students and faculty of Highland School District.

104.    At all times relevant herein, and as a result of J.K.'s IEP, Defendant, Sutton, by and through the scope of his employment with Highland School District, had a special

relationship with J.K. and an affirmative duty to provide supervision for J.K. while she was in the care, custody and control of Highland School District and Defendant, Sutton.

105.    Defendant, Sutton, willfully and wantonly, and/or with reckless disregard for the safety of J.K., failed to ensure and/or provide supervision for J.K., pursuant to her IEP and his obligations under the law, when several students of Highland High School were allowed to bully, harass, intimidate, and physically assault J.K. on a continuous and daily basis, while J.K. was in the care, custody and control of Highland School District and Defendant, Sutton.

106.    Defendant, Sutton, willfully and wantonly, and/or with reckless disregard for the safety of J.K., failed to ensure and/or provide supervision for J.K., pursuant to her IEP and his obligations under the law, when he allowed faculty and/or teachers to encourage the bullying and harassment of J.K. by openly making fun of J.K. during class while the other students in the class observed, while J.K. was in the care, custody and control of Highland School District and Defendant, Sutton.

107.    At all times relevant herein, Defendant, Sutton, knew that a culture of bullying existed at Highland High School, and that such tolerance of bullying, harassment, and intimidation at Highland High School would naturally and probably result in injury to students.

108.    As a direct and proximate result of Defendant Sutton's willful and wanton acts or failures to act, and/or reckless disregard for the safety of J.K. and his obligations pursuant to J.K.'s IEP and under the law, J.K. was bullied, harassed, intimidated and physically assaulted at Highland High School while in the care, custody and control of Highland School District and Defendant, Sutton.

109.    The failure of Defendant, Sutton, by and through the scope of his employment with Highland School District, to provide supervision to J.K. at all times proximately caused the

severe and significant physical and emotional injuries suffered by J.K. as a result of being bullied, harassed, intimidated and physically assaulted at Highland High School.

110.    At all times relevant herein, Defendant Sutton, by and through the scope of his employment with Highland School District, knew or should have known that bullying existed within Highland School District, and should have further known that students in Highland School District's Special Education program required additional supervision and protections than other students not enrolled in the program, and in particular, had specific supervision requirements pursuant to individually tailored IEP's put in place for those special needs students, including J.K.

111.    Defendant, Sutton, willfully and wantonly, and/or with reckless disregard for the safety of J.K., breached his duty to J.K. in one or more of the following ways:

   a.  Defendant, Sutton, failed to provide supervision to J.K. at all times, as mandated by his duties under her IEP and in accordance with the law as related to students enrolled in Highland School District's Special Education program, when he knew or should have known that the failure to provide supervision to J.K. would result in the increased risk of harm or danger to J.K.; and/or

   b.  Defendant, Sutton, upon being informed of, and/or witnessing first-hand, acts of bullying against J.K., failed to properly investigate and/or remedy the situations or take any corrective action to protect J.K. from future bullying, harassment, intimidation, and violence; and/or

   c.  Defendant, Sutton, upon being informed of, and/or witnessing first-hand, acts of bullying against J.K. and other students of Highland School District, failed to properly investigate and take appropriate remedial action to prevent an environment where bullying was tolerated, and viewed as acceptable by the students of Highland High School; and/or

   d.  Defendant, Sutton, failed to adequately train Highland School District's teachers, administrators, and faculty members regarding the supervision, protection and educational requirements for students, when he knew or should have known that the failure to do so would result in the increased risk of harm or danger to J.K.; and/or

e. Defendant, Sutton, failed to follow policies and procedures to provide supervision to J.K. and to protect J.K. from known risks of harm or danger, including bullying by students of Highland High School, in violation of his obligations under her IEP and under the law as related to students with special needs enrolled in Highland School District's Special Education program; and/or

f. Defendant, Sutton, failed to develop or maintain a program that implemented any of the policies contained in the Highland School District bullying policy, when he knew or should have known that the failure to do so would result in the increased risk of harm or danger to J.K.

112.    As a direct and proximate result of Defendant Sutton's willful and wanton acts and/or omissions, as detailed above, J.K. was embarrassed, humiliated, suffered mental anguish, was subject to ridicule, and suffered physical and emotional injury while she was in the care, custody and control of Highland School District and Defendant, Sutton.

113.    As a further direct and proximate result of the foregoing willful and wanton acts and/or omissions, J.K. has suffered great bodily injury, including but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

114.    As a direct and proximate result of Defendant Sutton's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Michael Sutton, in an amount greater than

Seventy-five Thousand Dollars ($75,000.00), in addition to costs of suit, attorney fees and punitive damages.

**COUNT VI**
*(42 U.S.C. § 1983 – Michelle Rusteberg)*

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, and for Count VI of her Complaint against Defendant, Michelle Rusteberg, states as follows:

115.    Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

116.    At all times relevant herein, Defendant, Rusteberg, was J.K.'s special education teacher and/or case worker at Highland High School, a Highland School District school.

117.    At all times relevant herein, and as a result of J.K.'s IEP, Defendant, Highland School District, and its agents and employees, including Defendant, Rusteberg, had an affirmative duty to care for J.K. while she was in the care, custody and control of Highland School District and Defendant, Rusteberg.

118.    At all times relevant herein, Defendant, Rusteberg, as J.K.'s special education teacher and participant in her IEP, had a special relationship with J.K. while she was attending class at Highland High School in the Special Education program and in her care, custody and control.

119.    At all times relevant herein, Defendant Rusteberg, by virtue of her aforementioned special relationship, had a duty not to create, needlessly, an increased risk of harm to J.K. while J.K. was in her care, custody and control.

120.    At all times relevant herein, Defendant, Rusteberg, by and through the scope of her employment with Highland School District, increased the risk of harm to J.K. by failing to

intervene, or otherwise take appropriate remedial action to eliminate or prevent such bullying and harassment being perpetrated by students and faculty of Highland School District.

121.    At all times relevant herein, Defendant, Rusteberg, by and through the scope of her employment with Highland School District, was needlessly indifferent and objectively unreasonable in failing to secure the welfare of J.K. as protected by the Fifth Amendment of the U.S. Constitution, applicable through the Fourteenth Amendment to Defendants herein.

122.    At all times relevant herein, Defendant, Rusteberg, by and through the scope of her employment with Highland School District, failed to protect J.K. from the increased risk of harm and/or danger that she had created for J.K. when she allowed students and faculty of Highland High School to bully, harass, and intimidate J.K., while J.K. was in the care, custody and control of Highland School District and Defendant, Rusteberg.

123.    By needlessly, and without justification, placing J.K. into a more dangerous situation than J.K. was prior to being allowed to be bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School, Defendant, Rusteberg, violated J.K.'s substantive due process rights by depriving J.K. of life and liberty without due process as required by the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

124.    As a direct and proximate result of the violation of J.K.'s right to substantive due process, and the violation of her Fourteenth Amendment right to be secure in her own person, J.K. was bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School while in the care, custody and control of Highland School District and Defendant, Rusteberg.

125.    The placement of J.K. into a more dangerous situation than she was in before she was allowed to be bullied, harassed and intimidated on a continuous and daily basis by students of Highland High School, the violation of J.K.'s constitutional right to substantive due process, and the failure of Defendant, Rusteberg, by and through the scope of her employment with Highland School District, to protect Highland School District's special needs students from bullying, harassment, and intimidation, when there was an affirmative duty to do so, constitutes state action that shocks the conscience and constitutes egregious conduct by Defendant, Rusteberg.

126.    The failure of Defendant, Rusteberg, by and through the scope of her employment with Highland School District, to protect J.K. from the increased risk of harm and/or danger that she had created proximately caused the severe and significant physical and emotional injuries suffered by J.K. as a result of being bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School.

127.    Article X of the Constitution of the State of Illinois provides a free public education to its children through high school.  As such, J.K. had a property right to a free education that was protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

128.    Furthermore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides J.K. with right to bodily integrity, to be secure and to be left alone, and the right to liberty.

129.    At all times relevant herein, Defendant, Rusteberg, acting both in her individual capacity as well as within the scope of her employment with Highland School District, was acting under the color of state law.

130.    At all times relevant herein, Defendant, Rusteberg, acting both in her individual capacity as well as within the scope of her employment with Highland School District, knew or should have known that bullying existed within Highland School District, and should have further known that students in Highland School District's Special Education program required additional supervision and protections than other students not enrolled in the program, and in particular, had specific supervision requirements pursuant to individually tailored IEP's put in place for those special needs students, including J.K.

131.    Defendant, Rusteberg, while acting under the color of state law, deprived J.K. of her civil rights, including her right to an education, her right to bodily integrity, to be secure and left alone, and her right to life, pursuant to 42 U.S.C. § 1983, by condoning practices, including but not limited to the following:  the inadequate training of teachers, administrators, and faculty members regarding bullying, harassment, intimidation, and violence; the failure to follow policies and procedures to protect J.K. from known dangerous situations, including the regularly occurring bullying, harassment, intimidation, and violence; the inadequate investigations of students' complaints of said bullying; and the negligent permitting of the bullying, harassment, intimidation, and violence after being informed of and/or witnessing the acts, with reckless and wanton disregard for J.K.'s civil rights.

132.    As a direct and proximate result of the foregoing acts and/or omissions, J.K. has suffered great bodily injury, including but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to

incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

133.    As a direct and proximate result of Defendant Rusteberg's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Michelle Rusteberg, in an amount greater than Seventy-five Thousand Dollars ($75,000.00), in addition to punitive damages, costs of suit and attorney fees.

## COUNT VII
### *(Willful and Wanton Misconduct – Michelle Rusteberg)*

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K. a Minor, and for Count VII of her Complaint against Defendant, Michelle Rusteberg, states as follows:

134.    Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

135.    At all times relevant herein, Defendant, Rusteberg, was a special education teacher and/or case worker at Highland High School, a Highland School District school, and was J.K.'s teacher at the time of the events giving rise to J.K.'s injuries.

136.    At all times relevant herein, as J.K.'s special education teacher and/or case worker at Highland High School, Defendant, Rusteberg, had an affirmative duty to enforce the policies and procedures of Highland School District's Special Education and Services Department within her classroom, and to perform her obligations as a participant of J.K.'s IEP.

137.    At all times relevant herein, based on the aforementioned duty, Defendant, Rusteberg, as a special education teacher and/or case worker at Highland High School, was responsible for ensuring that her students would not be allowed to be bullied, harassed, intimidated and physically assaulted by other students of Highland High School.

138.    At all times relevant herein, and as a result of J.K.'s IEP, Defendant, Rusteberg, by and through the scope of her employment with Highland School District, had a special relationship with J.K. and an affirmative duty to provide supervision for J.K. while she was in the care, custody and control of Highland School District and Defendant, Rusteberg.

139.    Defendant, Rusteberg, willfully and wantonly, and/or with reckless disregard for the safety of J.K., failed to supervise J.K., pursuant to her obligations for J.K. under her IEP and under the law, when she allowed students of Highland High School to bully, harass, and intimidate J.K. without the supervision of a school official or teacher, such as herself, and without taking any actions whatsoever to prevent J.K. from being bullied and physically assaulted by students of Highland High School, while J.K. was in the care, custody and control of Highland School District and Defendant, Rusteberg.

140.    Defendant, Rusteberg, knew that students of Highland High School were bullying, harassing, intimidating, and physically assaulting J.K. on a continuous and daily basis, and that such actions would naturally and probably result in injury.

141.    As a direct and proximate result of Defendant Rusteberg's willful and wanton acts and/or failures to act, and/or reckless disregard for the safety of J.K. and her obligations pursuant to J.K.'s IEP and under the law, J.K. was bullied and physically assaulted by students of Highland High School while in the care, custody and control of Highland School District and Defendant, Rusteberg.

142.   The failure of Defendant, Rusteberg, by and through the scope of her employment with Highland School District, and pursuant to her obligations under J.K.'s IEP, to provide supervision to J.K. at all times proximately caused the severe and significant physical and emotional injuries suffered by J.K. as a result of being bullied, harassed, intimidated and physically assaulted by students of Highland High School.

143.   At all times relevant herein, Defendant, Rusteberg, knew or should have known that J.K.'s IEP required additional supervision and protections than other students not enrolled in the program, while J.K. was in the care, custody and control of Highland School District and Defendant, Rusteberg.

144.   Defendant, Rusteberg, willfully and wantonly, and/or with reckless disregard for the safety of J.K., breached her duty to J.K. in one or more of the following ways:

   a.   Defendant, Rusteberg, failed to supervise J.K. at all times, as mandated by her duties under J.K.'s IEP and in accordance with the law as related to students enrolled in Highland School District's Special Education program, when she knew or should have known that the failure to provide supervision to J.K. would result in the increased risk of harm or danger to J.K.; and/or

   b.   Defendant, Rusteberg, failed to follow policies and procedures to provide supervision to J.K. to protect J.K. from known risks of harm or danger, including bullying by students of Highland High School, in violation of her obligations under J.K.'s IEP and under the law as related to students with special needs enrolled in Highland School District's Special Education program; and/or

   c.   Defendant, Rusteberg, in violation of her duties under the law and J.K.'s IEP, failed to take any actions to prevent, stop or thwart the bullying, harassment, intimidation and violence committed against J.K. by other students of Highland High School to protect her from known risks of harm or danger, and subsequent injury; and/or

   d.   Defendant, Rusteberg, failed to report to any school official, administrator or security that J.K. was being bullied and physically assaulted on a daily basis by other students at Highland High School; and/or

   e.   Defendant, Rusteberg, was informed of, and/or witnessed first-hand, acts of bullying against J.K. by other students of Highland High School and failed to

properly investigate and/or remedy the situations or take any corrective action to protect J.K. from future bullying, harassment, intimidation, and violence; and/or

f.  Defendant, Rusteberg, upon being informed of, and/or witnessing first-hand, acts of bullying against J.K. and other students of Highland School District, failed to properly investigate and take appropriate remedial action to prevent an environment where bullying was tolerated, and viewed as acceptable by the students of Highland High School; and/or

g.  Defendant, Rusteberg, upon becoming informed by J.K. that she was regularly subjected to bullying, harassment, intimidation and violence by other students of Highland High School, was dismissive of J.K.'s complaints and instead chose to blame J.K. and/or suggest that she was somehow responsible for her own abuse.

145.    As a direct and proximate result of Defendant Rusteberg's willful and wanton acts and/or omissions, as detailed above, J.K. was embarrassed, humiliated, suffered mental anguish, was subject to ridicule, and suffered physical and emotional injury while she was in the care, custody and control of Highland School District and Defendant, Rusteberg.

146.    As a further direct and proximate result of the foregoing willful and wanton acts and/or omissions, J.K. has suffered great bodily injury, including but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

147.    As a direct and proximate result of Defendant Rusteberg's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Michelle Rusteberg, in an amount greater than Seventy-five Thousand Dollars ($75,000.00), in addition to costs of suit, attorney fees and punitive damages.

## COUNT VIII
### (42 U.S.C. § 1983 – Jody Hall)

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, and for Count VIII of her Complaint against Defendant, Jody Hall, states as follows:

148.    Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

149.    At all times relevant herein, Defendant, Hall, was J.K.'s physical education teacher at Highland High School, a Highland School District school.

150.    At all times relevant herein, and as a result of J.K.'s IEP, Defendant, Highland School District, and its agents and employees, including Defendant, Hall, had an affirmative duty to care for J.K. while she was in the care, custody and control of Highland School District and Defendant, Hall.

151.    At all times relevant herein, Defendant, Hall, as a teacher of J.K.'s, had a special relationship with J.K. while she was attending class at Highland High School in the Special Education program and in her care, custody and control.

152.    At all times relevant herein, Defendant, Hall, by virtue of her aforementioned special relationship, had a duty not to create, needlessly, an increased risk of harm to J.K. while J.K. was in her care, custody and control.

153.    At all times relevant herein, Defendant, Hall, by and through the scope of her employment with Highland School District, increased the risk of harm to J.K. by failing to

intervene, or otherwise take appropriate remedial action to eliminate or prevent such bullying and harassment being perpetrated by students and faculty of Highland School District.

154.    At all times relevant herein, Defendant, Hall, by and through the scope of her employment with Highland School District, was needlessly indifferent and objectively unreasonable in failing to secure the welfare of J.K. as protected by the Fifth Amendment of the U.S. Constitution, applicable through the Fourteenth Amendment to Defendants herein.

155.    At all times relevant herein, Defendant Hall, by and through the scope of her employment with Highland School District, failed to protect J.K. from the increased risk of harm and/or danger that she had created for J.K. when she allowed students of Highland High School to bully, harass, and intimidate J.K., while J.K. was in the care, custody and control of Highland School District and Defendant, Hall.

156.    By needlessly, and without justification, placing J.K. into a more dangerous situation than J.K. was prior to being allowed to be bullied, harassed and intimidated on a continuous and daily basis by students of Highland High School, Defendant, Hall, violated J.K.'s substantive due process rights by depriving J.K. of life and liberty without due process as required by the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

157.    As a direct and proximate result of the violation of J.K.'s right to substantive due process, and the violation of her Fourteenth Amendment right to be secure in her own person, J.K. was bullied, harassed and intimidated on a continuous and daily basis by students of Highland High School while in the care, custody and control of Highland School District and Defendant, Hall.

158.    The placement of J.K. into a more dangerous situation than she was in before she was allowed to be bullied, harassed and intimidated on a continuous and daily basis by students

of Highland High School, the violation of J.K.'s constitutional right to substantive due process, and the failure of Defendant, Hall, by and through the scope of her employment with Highland School District, to protect Highland School District's special needs students from bullying, harassment, and intimidation, when there was an affirmative duty to do so, constitutes state action that shocks the conscience and constitutes egregious conduct by Defendant, Hall.

159.    The failure of Defendant, Hall, by and through the scope of her employment with Highland School District, to protect J.K. from the increased risk of harm and/or danger that she had created, proximately caused the severe and significant physical and emotional injuries suffered by J.K. as a result of being bullied, harassed and intimidated on a continuous and daily basis by students of Highland High School.

160.    Article X of the Constitution of the State of Illinois provides a free public education to its children through high school.  As such, J.K. had a property right to a free education that was protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

161.    Furthermore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides J.K. with right to bodily integrity, to be secure and to be left alone, and the right to liberty.

162.    At all times relevant herein, Defendant, Hall, acting both in her individual capacity as well as within the scope of her employment with Highland School District, was acting under the color of state law.

163.    At all times relevant herein, Defendant, Hall, acting both in her individual capacity as well as within the scope of her employment with Highland School District, knew or should have known that bullying existed within Highland School District, and should have

further known that students in Highland School District's Special Education program required additional supervision and protections than other students not enrolled in the program, and in particular, had specific supervision requirements pursuant to individually tailored IEP's put in place for those special needs students, including J.K.

164.    Defendant, Hall, while acting under the color of state law, deprived J.K. of her civil rights, including her right to an education, her right to bodily integrity, to be secure and left alone, and her right to life, pursuant to 42 U.S.C. § 1983, by condoning practices, including but not limited to the following:  the inadequate training of teachers, administrators, and faculty members regarding bullying, harassment, intimidation, and violence; the failure to follow policies and procedures to protect J.K. from known dangerous situations, including the regularly occurring bullying, harassment, intimidation, and violence; the inadequate investigations of students' complaints of said bullying; and the negligent permitting of the bullying, harassment, intimidation, and violence after being informed of and/or witnessing the acts, with reckless and wanton disregard for J.K.'s civil rights.

165.    As a direct and proximate result of the foregoing acts and/or omissions, J.K. has suffered great bodily injury, including but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

166.     As a direct and proximate result of Defendant Hall's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Jody Hall, in an amount greater than Seventy-five Thousand Dollars ($75,000.00), in addition to punitive damages, costs of suit and attorney fees.

## COUNT IX
### *(Willful and Wanton Misconduct – Jody Hall)*

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K. a Minor, and for Count IX of her Complaint against Defendant, Jody Hall, states as follows:

167.     Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

168.     At all times relevant herein, Defendant, Hall, was a physical education teacher at Highland High School, a Highland School District school, and was J.K.'s teacher at the time of the events giving rise to J.K.'s injuries.

169.     At all times relevant herein, as J.K.'s physical education teacher at Highland High School, Defendant, Hall, had a duty to possess and use that degree of skill and care ordinarily used by reasonable teachers to protect students, including J.K., from unreasonable harm.

170.     At all times relevant herein, based on the aforementioned duty, Defendant, Hall, as a physical education teacher at Highland High School, was responsible for ensuring that her students would not be allowed to be bullied, harassed, intimidated and physically assaulted by other students of Highland High School.

171.     At all times relevant herein, based on the aforementioned duty, Defendant, Hall, as a physical education teacher at Highland High School, was responsible for ensuring that her

own actions and omissions did not foster an environment where students of Highland High School would be allowed to bully, harass, intimidate and physically assault others.

172.    At all times relevant herein, Defendant, Hall, by and through the scope of her employment with Highland School District, had a special relationship with J.K. and a duty to provide supervision for J.K. while she was in the care, custody and control of Highland School District and Defendant, Hall.

173.    Defendant, Hall, willfully and wantonly, and/or with reckless disregard for the safety of J.K., failed to supervise J.K., pursuant to her obligations for J.K. under the law, when she personally openly bullied and harassed J.K. in front of other students during class at Highland High School, and further allowed students of Highland High School to bully, harass, and intimidate J.K. without taking any actions whatsoever to prevent J.K. from being bullied and physically assaulted by students of Highland High School, while J.K. was in the care, custody and control of Highland School District and Defendant, Hall.

174.    Defendant, Hall, knew that students of Highland High School were bullying, harassing, intimidating, and physically assaulting J.K. on a continuous and daily basis, and that such actions would naturally and probably result in injury.

175.    As a direct and proximate result of Defendant Hall's willful and wanton acts and/or failures to act, and/or reckless disregard for the safety of J.K. and her obligations under the law, J.K. was bullied and physically assaulted by students of Highland High School while in the care, custody and control of Highland School District and Defendant, Hall.

176.    The failure of Defendant, Hall, by and through the scope of her employment with Highland School District, to provide supervision to J.K. during physical education class at Highland High School, proximately caused the severe and significant physical and emotional

injuries suffered by J.K. as a result of being bullied, harassed, intimidated and physically assaulted by students of Highland High School.

177.    At all times relevant herein, Defendant, Hall, knew or should have known that J.K.'s IEP required additional supervision and protections than other students not enrolled in Highland School District's Special Education program, while J.K. was in the care, custody and control of Highland School District and Defendant, Hall.

178.    Defendant, Hall, willfully and wantonly, and/or with reckless disregard for the safety of J.K., breached her duty to J.K. in one or more of the following ways:

    a.   Defendant, Hall, failed to supervise J.K. at all times, as mandated by her duties under J.K.'s IEP and in accordance with the law as related to students enrolled in Highland School District's Special Education program, when she knew or should have known that the failure to provide supervision to J.K. would result in the increased risk of harm or danger to J.K.; and/or

    b.   Defendant, Hall, failed to follow policies and procedures to provide supervision to J.K. to protect J.K. from known risks of harm or danger, including bullying by students of Highland High School, in violation of her obligations under J.K.'s IEP and under the law as related to students with special needs enrolled in Highland School District's Special Education program; and/or

    c.   Defendant, Hall, in violation of her duties under the law, failed to take any actions to prevent, stop or thwart the bullying, harassment, intimidation and violence committed against J.K. by other students of Highland High School to protect her from known risks of harm or danger, and subsequent injury; and/or

    d.   Defendant, Hall, failed to report to any school official, administrator or security that J.K. was being bullied and physically assaulted on a daily basis by other students at Highland High School; and/or

    e.   Defendant, Hall, not only failed to take appropriate remedial action to prevent an environment where bullying was tolerated, and viewed as acceptable by the students of Highland High School, but she encouraged the bullying and harassment of J.K. by openly making fun of J.K. during physical education class while the other students in the class observed; and/or

    f.   Defendant, Hall, was informed of, and/or witnessed first-hand, acts of bullying against J.K. by other students of Highland High School and failed to properly

investigate and/or remedy the situations or take any corrective action to protect J.K. from future bullying, harassment, intimidation, and violence; and/or

g.  Defendant, Hall, upon being informed of, and/or witnessing first-hand,  acts of bullying against J.K. and other students of Highland School District, failed to properly investigate and take appropriate remedial action to prevent an environment where bullying was tolerated, and viewed as acceptable by the students of Highland High School.

179.   As a direct and proximate result of Defendant Hall's willful and wanton acts and/or omissions, as detailed above, J.K. was embarrassed, humiliated, suffered mental anguish, was subject to ridicule, and suffered physical and emotional injury while she was in the care, custody and control of Highland School District and Defendant, Hall.

180.   As a further direct and proximate result of the foregoing willful and wanton acts and/or omissions, J.K. has suffered great bodily injury, including but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

181.   As a direct and proximate result of Defendant Hall's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Jody Hall, in an amount greater than Seventy-five Thousand Dollars ($75,000.00), in addition to costs of suit, attorney fees and punitive damages.

## COUNT X
### *(42 U.S.C. § 1983 – Chris Becker)*

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, and for Count X of her Complaint against Defendant, Chris Becker, states as follows:

182.    Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

183.    At all times relevant herein, and as a result of J.K.'s IEP, Defendant, Highland School District, and its agents and employees, including Defendant, Becker, had an affirmative duty to care for J.K. while she was in the care, custody and control of Highland School District and Defendant, Becker.

184.    At all times relevant herein, Defendant, Highland School District, and its agents and employees, including Becker, had a special relationship with J.K. due to Highland School District's care, custody and control over J.K. while she was attending class at Highland High School in the Special Education program.

185.    At all times relevant herein, Defendant, Becker, by and through the scope of his employment with Highland School District, had a duty not to create, needlessly, an increased risk of harm to J.K. while J.K. was in the care, custody and control of Highland School District and Defendant, Becker.

186.    At all times relevant herein, Defendant, Becker, by and through the scope of his employment with Highland School District, increased the risk of harm to J.K. by failing to intervene, or otherwise take appropriate remedial action to eliminate or prevent such bullying and harassment being perpetrated by students and faculty of Highland School District.

187.    At all times relevant herein, Defendant, Becker, by and through the scope of his employment with Highland School District, was needlessly indifferent and objectively

unreasonable in failing to secure the welfare of J.K. as protected by the Fifth Amendment of the U.S. Constitution, applicable through the Fourteenth Amendment to Defendants herein.

188.    At all times relevant herein, Defendant, Becker, by and through the scope of his employment with Highland School District, failed to protect J.K. from the increased risk of harm and/or danger that he had created for J.K. when he allowed students and faculty of Highland High School to bully, harass, and intimidate J.K., while J.K. was in the care, custody and control of Highland School District and Defendant, Becker.

189.    By needlessly, and without justification, placing J.K. into a more dangerous situation than J.K. was prior to being allowed to be bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School, Defendant, Becker violated J.K.'s substantive due process rights by depriving J.K. of life and liberty without due process as required by the U.S. Constitution, as applied to the states through the Fourteenth Amendment.

190.    As a direct and proximate result of the violation of J.K.'s right to substantive due process, and the violation of her Fourteenth Amendment right to be secure in her own person, J.K. was bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School while in the care, custody and control of Highland School District and Defendant, Becker.

191.    The placement of J.K. into a more dangerous situation than she was in before she was allowed to be bullied, harassed and intimidated on a continuous and daily basis by students of Highland High School, the violation of J.K.'s constitutional right to substantive due process, and the failure of Defendant, Becker, by and through the scope of his employment with Highland School District, to protect Highland School District's special needs students from bullying,

harassment, and intimidation, when there was an affirmative duty to do so, constitutes state action that shocks the conscience and constitutes egregious conduct by Defendant, Becker.

192.    The failure of Defendant, Becker, by and through the scope of his employment with Highland School District, to protect J.K. from the increased risk of harm and/or danger that he had created proximately caused the severe and significant physical and emotional injuries suffered by J.K. as a result of being bullied, harassed and intimidated on a continuous and daily basis by students and faculty of Highland High School.

193.    Article X of the Constitution of the State of Illinois provides a free public education to its children through high school.  As such, J.K. had a property right to a free education that was protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

194.    Furthermore, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides J.K. with right to bodily integrity, to be secure and to be left alone, and the right to liberty.

195.    At all times relevant herein, Defendant, Becker, acting both in his individual capacity as well as within the scope of his employment with Highland School District, was acting under the color of state law.

196.    At all times relevant herein, Defendant, Becker, acting both in his individual capacity as well as within the scope of his employment with Highland School District, knew or should have known that bullying existed within Highland School District, and should have further known that students in Highland School District's Special Education program required additional supervision and protections than other students not enrolled in the program, and in

particular, had specific supervision requirements pursuant to individually tailored IEP's put in place for those special needs students, including J.K.

197.     Defendant, Becker, while acting under the color of state law, deprived J.K. of her civil rights, including her right to an education, her right to bodily integrity, to be secure and left alone, and her right to life, pursuant to 42 U.S.C. § 1983, by condoning practices, including but not limited to the following:   the inadequate training of teachers, administrators, and faculty members regarding bullying, harassment, intimidation, and violence; the failure to follow policies and procedures to protect J.K. from known dangerous situations, including the regularly occurring bullying, harassment, intimidation, and violence; the inadequate investigations of students' complaints of said bullying; and the negligent permitting of the bullying, harassment, intimidation, and violence after being informed of and/or witnessing the acts, with reckless and wanton disregard for J.K.'s civil rights.

198.     As a direct and proximate result of the foregoing acts and/or omissions, J.K. has suffered great bodily injury, including but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

199.     As a direct and proximate result of Defendant Becker's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Chris Becker, in an amount greater than Seventy-five Thousand Dollars ($75,000.00), in addition to punitive damages, costs of suit and attorney fees.

## COUNT XI
### *(Willful and Wanton Misconduct – Chris Becker)*

COMES NOW Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K. a Minor, and for Count XI of her Complaint against Defendant, Chris Becker, states as follows:

200.    Plaintiff hereby incorporates Paragraphs 1 through 43 herein as though fully set forth hereunder.

201.    At all times relevant herein, as associate principal of Highland High School, Defendant, Becker, had an affirmative duty to implement and enforce the policies and procedures of Highland School District's Special Education and Services Department within Highland High School.

202.    At all times relevant herein, based on the aforementioned duty, Defendant, Becker, as associate principal of Highland High School, failed to develop or maintain a program that implemented any of the policies contained in the bullying policy, and failed to intervene, or otherwise take appropriate remedial action to eliminate or prevent such bullying and harassment being perpetrated by students and faculty of Highland High School.

203.    At all times relevant herein, and as a result of J.K.'s IEP, Defendant, Becker, by and through the scope of his employment with Highland School District, had a special relationship with J.K. and an affirmative duty to provide supervision for J.K. while she was in the care, custody and control of Highland School District and Defendant, Becker.

204.     Defendant, Becker, willfully and wantonly, and/or with reckless disregard for the safety of J.K., failed to ensure and/or provide supervision for J.K., pursuant to her IEP and his obligations under the law, when several students of Highland High School were allowed to bully, harass, intimidate, and physically assault J.K. on a continuous and daily basis, while J.K. was in the care, custody and control of Highland School District and Defendant, Becker.

205.     Defendant, Becker, willfully and wantonly, and/or with reckless disregard for the safety of J.K., failed to ensure and/or provide supervision for J.K., pursuant to her IEP and his obligations under the law, when he allowed faculty and/or teachers to encourage the bullying and harassment of J.K. by openly making fun of J.K. during class while the other students observed, while J.K. was in the care, custody and control of Highland School District and Defendant, Becker.

206.     At all times relevant herein, Defendant, Becker, knew that a culture of bullying existed at Highland High School, and that such tolerance of bullying, harassment, and intimidation at Highland High School would naturally and probably result in injury to students.

207.     As a direct and proximate result of Defendant Becker's willful and wanton acts or failures to act, and/or reckless disregard for the safety of J.K. and his obligations pursuant to J.K.'s IEP and under the law, J.K. was bullied, harassed, intimidated and physically assaulted at Highland High School while in the care, custody and control of Highland School District and Defendant, Becker.

208.     The failure of Defendant, Becker, by and through the scope of his employment with Highland School District, to provide supervision to J.K. at all times proximately caused the severe and significant physical and emotional injuries suffered by J.K. as a result of being bullied, harassed, intimidated and physically assaulted at Highland High School.

209.     At all times relevant herein, Defendant, Becker, by and through the scope of his employment with Highland School District, knew or should have known that bullying existed within Highland School District, and should have further known that students in Highland School District's Special Education program required additional supervision and protections than other students not enrolled in the program, and in particular, had specific supervision requirements pursuant to individually tailored IEP's put in place for those special needs students, including J.K.

210.     Defendant Becker willfully and wantonly, and/or with reckless disregard for the safety of J.K., breached his duty to J.K. in one or more of the following ways:

    a.  Defendant, Becker, failed to provide supervision to J.K. at all times, as mandated by his duties under her IEP and in accordance with the law as related to students enrolled in Highland School District's Special Education program, when he knew or should have known that the failure to provide supervision to J.K. would result in the increased risk of harm or danger to J.K.; and/or

    b.  Defendant, Becker, upon being informed of, and/or witnessing first-hand, acts of bullying against J.K. and failed to properly investigate and/or remedy the situations or take any corrective action to protect J.K. from future bullying, harassment, intimidation, and violence; and/or

    c.  Defendant, Becker, upon being informed of, and/or witnessing first-hand, acts of bullying against J.K. and other students of Highland High School, failed to properly investigate and take appropriate remedial action to prevent an environment where bullying was tolerated, and viewed as acceptable by the students of Highland High School; and/or

    d.  Defendant, Becker, upon becoming informed by J.K. that she was regularly subjected to bullying, harassment, intimidation and violence, was dismissive of J.K.'s complaints and instead chose to blame J.K. and/or suggest that she was somehow responsible for her own abuse; and/or

    e.  Defendant, Becker, failed to adequately train Highland High School's teachers, administrators, and faculty members regarding the supervision, protection and educational requirements for students, when he knew or should have known that the failure to do so would result in the increased risk of harm or danger to J.K.; and/or

      f.   Defendant, Becker, failed to follow policies and procedures to provide supervision to J.K., to protect J.K. from known risks of harm or danger, including bullying by students of Highland High School, in violation of his obligations under her IEP and under the law as related to students with special needs enrolled in Highland School District's Special Education program; and/or

      g.   Defendant, Becker, failed to develop or maintain a program that implemented any of the policies contained in the Highland School District bullying policy, when he knew or should have known that the failure to do so would result in the increased risk of harm or danger to J.K.

211.    As a direct and proximate result of Defendant Becker's willful and wanton acts and/or omissions, as detailed above, J.K. was embarrassed, humiliated, suffered mental anguish, was subject to ridicule, and suffered physical and emotional injury while she was in the care, custody and control of Highland School District and Defendant, Becker.

212.    As a further direct and proximate result of the foregoing willful and wanton acts and/or omissions, J.K. has suffered great bodily injury, including but not limited to, physical injuries associated with purposefully injuring herself on January 22, 2014; she has also experienced severe emotional distress, mental anguish, anxiety and depression, which is expected to continue into the future; she has experienced embarrassment and humiliation; J.K. has incurred numerous medical bills and other health-related bills as a result of medical treatment for her injuries, and is expected to incur the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

213.    As a direct and proximate result of Defendant Becker's acts and omissions, as detailed above, J.K. has been deprived of access to the public program of education.

WHEREFORE, Plaintiff, Kim Kuhner, Individually, and as Guardian of the Estate of J.K., a Minor, demands judgment against Defendant, Chris Becker, in an amount greater than

Seventy-five Thousand Dollars ($75,000.00), in addition to costs of suit, attorney fees and punitive damages.

Respectfully Submitted,

By:   /s/ David Cates
     David I. Cates #6289198
     Chad M. Mooney #6311237
     CATES MAHONEY, LLC
     216 West Pointe Drive, Suite A
     Swansea, IL  62226
     Telephone:  618-277-3644
     Facsimile:   618-277-7882
     E-mail:     dcates@cateslaw.com
              cmooney@cateslaw.com

*Attorneys for Plaintiff*