IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIM KUHNER, Individually and as Guardian of the Estate of J.K. a Minor, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 15-cv-00107-JPG-DGW |
| HIGHLAND COMMUNITY UNIT SCHOOL DISTRICT NO. 5, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion (Doc. 20) to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a timely Response (Doc. 25).

1. **Background.**

The Complaint alleges that Plaintiff Kim Kuhner is the natural mother and guardian of the estate of J.K., a minor. J.K. was a student at Highland High School in Highland, Illinois enrolled in its special education program, specifically Individualized Education Program ("IEP"). Beginning in early-November of 2013, the complaint alleges that J.K. was subject to "bullying, intimidation, and harassment perpetrated by several different students of Highland High School." (Doc. 2, pg 4). The incidents included calling J.K embarrassing names such as "fat", "ugly", "whore" and "skank" and making pig noises or sounds. Plaintiff alleges that the bullying and harassment of J.K. was based on her learning disability and placement in IEP.

In December of 2013, the Complaint states that the bullying and harassment became physically violent when J.K. was shoved into a door by a male student; shoved into lockers by other students while walking in the hallways; and tripped while walking up the stairwells.

Plaintiff states J.K. notified her IEP teacher and case worker and no action was taken. J.K. then notified her parents and her mother began communicating her concerns to J.K.'s case worker – again with no corrective action taken. The Complaint alleges that the bullying and harassment continued until J.K. stopped attending classes during the third week of December 2013 and began homebound instruction.[1] On January 22, 2014, J.K. attempted suicide and was hospitalized. In March of 2014, J.K. and her mother met with Associate Principal to discuss the bullying and violence – to include providing the name of students that frequently bullied and harassed J.K. – and again no action was taken.

In April 2014, J.K. retuned to Highland High School although she was now suffering from non-epileptic seizures. She remained at the school for one week and then returned to homebound instruction. J.K. again attempted school on August 13, of 2014, but only attended that day. She has not attended classes at Highland High School since August 13, 2014.

The Complaint contains various 42 U.S.C. § 1983 failure to protect claims; Violation of the Rehabilitation Act of 1973; Violation of the Americans with Disabilities Act; and willful and wanton misconduct. It alleges emotional and physical injuries and that, "J.K. has been deprived of access to the public program of education." (Doc. 2).

2. **Standard.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the

---

[1] According to the Complaint, homebound instruction is a program where educational services are provided by school district personnel within the student's home.

complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

Defendants argue that Plaintiff failed to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA") and/or that Counts V, IVV, IX, and XI should be dismissed because of tort immunity granted to the Defendants pursuant to 745 ILCS 10/2-201.

3. **Analysis.**

The IDEA covers any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child. 20 U.S.C. § 1415(b)(1). The IDEA requires that children with disabilities be provided a free appropriate education which emphasizes special education and related services designed to meet their unique needs. "The term 'related service' means transportation and such developmental, corrective, and other supportive services (including ... counseling services ... ) as may be required to assist a child with a disability to benefit from special education, and includes early identification and assessment of disabling conditions in children." 20 U.S.C. § 1401(26)(A).

The IDEA provides that:

> Nothing in this chapter shall be construed to restrict or limit the
> rights, procedures, and remedies available under the Constitution,
> the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101

> et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, *except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted* to the same extent as would be required had the action been brought under this subchapter.

> 20 U.S.C.A. § 1415(l) (West)(*emphasis added*).

The IDEA is a broad statute; however, it does not so occupy its field that federal preemption results. *Charlie F. v. Bd. of Educ. Of Skokie School Dist. 68,* 98 F.3d 989, 991 (7th Cir.1996). It co-exists with the ADA and the Rehabilitation Act, and other federal and state law causes of action. *Id.* However, where the plaintiff seeks "relief that is available under" the IDEA she must follow the IDEA's administrative procedures and must exhaust such procedures prior to bringing suit, no matter what law she invokes as the basis for her claim. *Id.*

It is uncontested by the parties that the Plaintiff did not exhaust her administrative remedies available under the IDEA. Plaintiffs argue that, "Plaintiff and J.K. have nothing to gain from administrative exhaustion under the IDEA, as the gravamen of Plaintiff's claims are *not* that Defendants provided J.K. with an insufficient or inadequate IEP." (Doc. 25, pg 6). Plaintiff further argues that she is seeking monetary damages which are unavailable under the IDEA.

The IDEA provides prospective relief, but does not provide compensatory money damages. *Charlie F. v. Bd. of Educ. of Skokie School Dist. 68,* 98 F.3d 989, 991 (7th Cir.1996). However, merely requesting monetary damages does not remove a cause of action from the ambit of IDEA. *Id.* Where the plaintiff requests monetary damages so that she can compensate for failures of the school district that could (or must) be provided in-kind by the school district, the request is really one for relief available under the IDEA. *Id.* Thus, a claim requesting such

relief arises under the IDEA.

However, Plaintiff argues that she falls within the exception stated in *McCormick v. Waukegan School District*. In *McCormick*, the United States Court of Appeal for the Seventh Circuit held that where nature of a claim is not educational and the Complaint "alleged injuries that cannot 'be redressed to any degree by the IDEA's administrative procedures and remedies' then it would be futile to exhaust, and the disabled individuals can bring their disputes directly to court." 374 F.3d 564. 568, 569 (7th Cir. 2004)(*quoting Padilla v. Sch. Dist. No. 1*, 233 F.3d 1268, 1274-5 (10th Cir. 2000). Therefore, the sole question in this matter become whether the Plaintiff is seeking relief that is available under the IDEA.

In *McCormick*, the plaintiff suffered a one-time physical injury by a teacher with whom the plaintiff did not have a chance of interacting with again since he proceeded on to the next grade. The Court held his injuries were non-educational and noted that "He does not allege any ongoing emotional difficulties that might be addressed through the IDEA." *Id*, at 569.

The incidents involving J.K began in November of 2013 and ended on J.K.'s last day at Highland High School in August of 2014. For approximately nine months, Plaintiff had the opportunity to take her concerns beyond the purview of the school through additional administrative avenues and failed to do so. Although Plaintiff cites to *McCormick*, the facts of this matter more closely resemble *Charlie F. v. Board of Education of Skokie School District. Supra*, 98 F. 3d 989 (7th Cir. 1996).

Charlie F. was a disabled student who's teacher allowed (and encouraged) the other students to humiliate him until his parents removed him from the school. His parents filed suit and the Court held that that IDEA requires school districts to provide, "not only education, but also 'related services'" including psychological services. *Id*, at 992-3. The Court stated that,

> Perhaps Charlie's adverse reaction to the events of fourth grade cannot be overcome by services available under the IDES and the regulations, so that in the end money is the only balm. But parents cannot know that without asking, any more than we can. Both the genesis and the manifestations of the problem are education; the IDEA offers comprehensive educational solutions; we conclude, therefore, that at least in principle relief is available under the IDEA. *Id*, at 993.

Both the *Charlie F.* and *McCormick* cases state that emotional issues – such as those claimed by the Plaintiff on behalf of J.K. – should be addressed through the IDEA and its administrative remedies prior to filing suit. It is also clear that any claim with regard to deprivation of access to the public program of education requires exhaustion of administrative remedies. What are not as clear are Plaintiff's claims of physical injuries.

The Complaint alleges physical injuries to J.K. by being shoved into a door by a male student; shoved into lockers by other students while walking in the hallways; tripped while walking up the stairwells and upon the theory that the harassment lead to J.K.'s attempted suicide. If the Complaint solely sought compensation for J.K.'s physical injuries and the medical bills she incurred, then exhaustion of IDEA administrative procedures may have been futile. However, the Plaintiff is claiming that it was a series of harassing events that lead to J.K.'s injuries and it is only speculative if those events could have been altered if administrative procedures were pursued. It is difficult to foresee whether the Plaintiff could state a cause of action with regard to the attempted suicide if she is barred from pursuing the harassment for her failure to exhaust, but that is not an issue the Court at this time. The Court is granting Plaintiff leave to amend her Complaint to address those claims were remedy is unavailable under the IDEA.

Given that motion is being resolved on the exhaustion issue, the Court will not address Defendants' claims of tort immunity. Defendants may raise the issue of immunity and/or prayers for punitive damages, if appropriate, should the Plaintiff file an amended pleading.

Based on the above, Plaintiff's Complaint is **DISMISSED** with leave to amend within 30 days of this Order. Plaintiff is **WARNED** that failure to amend her Complaint on or before October 26, 2015, will result in the dismissal of this matter without prejudice.

Such amended complaint, if any, shall be limited to any physical injuries and medical bills unavailable under the IDEA. Plaintiff is **ADVISED** to complete the IDEA administrative process pursuant to 20 U.S.C. § 1415(f) in order to pursue her claims regarding the emotional distress and depreciation of access to the public program of education.

**IT IS SO ORDERED.**

**DATED:** 9/28/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT
DISTRICT JUDGE**