IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KIM KUHNER, Individually and as *Guardian of the Estate of J.K. a Minor,* | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15-cv-00107-JPG-DGW |
| HIGHLAND COMMUNITY UNIT SCHOOL DISTRICT NO. 5, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion (Doc. 35) to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a timely Response (Doc. 38). Defendants then filed a Motion (Doc. 40) for Leave to Cite Additional Authority which the Court granted (Doc. 41) and further allowed the Plaintiff time to file a supplemental response. The Plaintiff then filed a response (Doc. 42) to the Additional Authority.

1. **Background.**

Plaintiff Kim Kuhner is the natural mother and guardian of the estate of J.K., a minor. She filed her initial complaint (Doc. 2) on January 30, 2015, alleging that J.K. was a student at Highland High School in Highland, Illinois enrolled in its special education program, specifically the Individualized Education Program ("IEP"). Beginning in early-November 2013, the initial complaint alleged that J.K. was subject to "bullying, intimidation, and harassment perpetrated by several different students of Highland High School." (Doc. 2, pg 4). The incidents included calling J.K embarrassing names such as "fat", "ugly", "whore" and "skank" and making pig

noises or sounds. Plaintiff alleged that the bullying and harassment of J.K. was based on her learning disability and placement in IEP.

In December 2013, the initial complaint states that the bullying and harassment became physically violent when J.K. was shoved into a door by a male student; shoved into lockers by other students while walking in the hallways; and tripped while walking up the stairwells. J.K. notified her IEP teacher and case worker and no action was taken. J.K. then notified her parents and her mother began communicating her concerns to J.K.'s case worker – again with no corrective action taken.

The initial complaint then alleged that the bullying and harassment continued until J.K. stopped attending classes during the third week of December 2013 and began homebound instruction.[1] On January 22, 2014, J.K. attempted suicide and was hospitalized. In March 2014, J.K. and her mother met with the associate principal to discuss the bullying and violence. J.K. and her mother provided the associate principal the names of the students that frequently bullied and harassed J.K., but again, no action was taken.

J.K. retuned to Highland High School in April 2014, although she was now suffering from non-epileptic seizures. She remained at the school for one week and then returned to homebound instruction. J.K. again attempted school on August 13, of 2014, but only attended that day. She has not attended classes at Highland High School since August 13, 2014.

The initial complaint contained various 42 U.S.C. § 1983 failure to protect claims; Violation of the Rehabilitation Act of 1973; Violation of the Americans with Disabilities Act; and willful and wanton misconduct. The initial complaint was dismissed (Doc. 31) by this Court for plaintiff's failure to exhaust administrative remedies under the Individuals with Disabilities

---

[1] According to the Complaint, homebound instruction is a program where educational services are provided by school district personnel within the student's home.

Education Act ("IDES").  Plaintiff was granted 30 days in which to file an amended complaint.

Plaintiff filed her amended complaint (Doc. 32) which sets forth the same basic factual allegations and states the following claims:

> **Count I**:  42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteen Amendment against defendant Highland Community Unit School.
> **Count II**:  Violation of Section 504 of the Rehabilitation Act of 1973 against defendant Highland Community Unit School.
> **Count III**:  Violation of Title II of the Americans with Disabilities Act of 1990 against defendant Highland Community Unit School.
> **Count IV**:  42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments against defendant Michael Sutton.
> **Count V**:  Willful and Wanton Misconduct against defendant Michael Sutton.
> **Count VI**:  42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments against defendant Michelle Rusteberg.
> **Count VII**:  Willful and Wanton Misconduct against defendant Michelle Rusteberg.
> **Count VIII**:  42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments against defendant Jody Hall.
> **Count IX**:  Willful and Wanton Misconduct against defendant Jody Hall.
> **Count X**:  42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments against defendant Chris Becker.
> **Count XI**:  Willful and Wanton Misconduct against defendant Chris Becker.

Defendants now motion for dismissal of the Plaintiff's amended complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA")(20 U.S.C. § 1415(f))

and/or that Counts V, IV, V, IX, and XI should be dismissed because of tort immunity granted to the Defendants pursuant to 745 ILCS 10/2-201.

2. **Standards.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

3. **Analysis.**

As stated in this Court's previous order, the IDEA covers any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child. 20 U.S.C. § 1415(b)(1). The IDEA requires that children with disabilities be provided a free appropriate education which emphasizes special education and related services designed to meet their unique needs. "The term 'related service' means transportation and such developmental, corrective, and other supportive services (including ... counseling services ... ) as may be required to assist a child with a disability to

benefit from special education, and includes early identification and assessment of disabling conditions in children." 20 U.S.C. § 1401(26)(A).

The IDEA further provides that:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], Title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, *except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted* to the same extent as would be required had the action been brought under this subchapter.
>
> 20 U.S.C.A. § 1415(l) (West)(*emphasis added*).

The IDEA is a broad statute; however, it does not so occupy its field that federal preemption results. *Charlie F. v. Bd. of Educ. Of Skokie School Dist. 68,* 98 F.3d 989, 991 (7th Cir.1996). It co-exists with the ADA and the Rehabilitation Act, and other federal and state law causes of action. *Id.* However, where the plaintiff seeks "relief that is available under" the IDEA, she must follow the IDEA's administrative procedures and must exhaust such procedures prior to bringing suit, no matter what law she invokes as the basis for her claim. *Id.*

This Court's previous order stated that, "[i]f the Complaint solely sought compensation for J.K.'s physical injuries and the medical bills she incurred, then exhaustion of IDEA administrative procedures may have been futile. However, the Plaintiff is claiming that it was a series of harassing events that lead to J.K.'s injuries and it is only speculative if those events could have been altered if administrative procedures were pursued. It is difficult to foresee

whether the Plaintiff could state a cause of action with regard to the attempted suicide if she is barred from pursuing the harassment for her failure to exhaust, but that is not an issue for the Court at this time." The Court then granted the Plaintiff leave to amend her Complaint to address those claims were a remedy under the IDEA was unavailable. (Doc. 31, pg 6).

The amended complaint alleges the same basic facts as the initial complaint, but adds allegations of "bodily harm" and "numerous medical bills." It removes all the allegations with regard to deprivation of access to the public program of education, but does not remove the allegations with regard to emotional injuries. Regardless of the revisions, this matter still closely resembles the facts of *Charlie F. v. Board of Education of Skokie School District. Supra*, 98 F. 3d 989 (7th Cir. 1996).

Charlie F. was a disabled student who's teacher allowed (and encouraged) the other students to humiliate him until his parents removed him from the school. His parents filed suit and the Court held that that IDEA requires school districts to provide, "not only education, but also 'related services'" including psychological services. *Id*, at 992-3. The Court stated that,

> Perhaps Charlie's adverse reaction to the events of fourth grade cannot be overcome by services available under the IDES and the regulations, so that in the end money is the only balm. But parents cannot know that without asking, any more than we can. Both the genesis and the manifestations of the problem are education; the IDEA offers comprehensive educational solutions; we conclude, therefore, that at least in principle relief is available under the IDEA. *Id*, at 993.

As the Court previously stated, the plaintiffs cannot know whether J.K. would have continued to be bullied, harmed, or reached the point of harming herself if they had pursued the available administrative reliefs under the IDEA. A one-time physical injury may not fall within

IDEA where there is no likelihood of further harm, but an on-going issue that is interfering with the emotional and physical health of student is exactly the intent of the administrative remedies of IDEA. This was an on-going event which caused J.K. to leave school on several occasions and then to completely drop out of school. Exhaustion of administrative remedies is required to ensure the educational institution has an opportunity to assist and correct the situation. If those remedies are by-passed, then a plaintiff cannot allege that the educational institution failed – regardless of how the claims are titled.

"The IDEA provides prospective relief, but does not provide compensatory money damages. However, merely requesting monetary damages does not remove a cause of action from the ambit of IDEA. Where the plaintiff requests monetary damages so that she can compensate for failures of the school district . . . that could (or must) be provided in-kind by the school district, the request is really one for relief available under the IDEA. Thus, a claim requesting such relief arises under the IDEA." *Reuther v. Shiloh School Dist. No. 85*, 2008 IL 191195 (S.D. Ill.)(*internal citations omitted*).

For approximately nine months, Plaintiff had the opportunity to take her concerns beyond the purview of specific individuals through additional administrative avenues and failed to do so. It is uncontested by the parties that the Plaintiff did not exhaust her administrative remedies available under the IDEA.

The plaintiffs once again cite to *McCormick v. Waukegan Sch. Dist. No 60*, 374 F.3d 564, 568 (7th Cir. 2004), stating that, "[t]he administrative procedures and remedies provided for in the IDEA are meant to address only prospective educational assistance, and not past injuries." The Court agrees with that statement, but an individual may not allow events to continue without availing themselves of the administrative remedies and then claim "past injuries."

The Court has also reviewed the remainder of the case law cited in the plaintiff's response.  In *Honig v. Doe*, 484 U.S. 305 (1988), the Supreme Court stated, "[a]ccording, the Act establishes various procedural safeguards that guarantee parents both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decisions they think inappropriate." *Id.* at 311-12.  The Supreme Court further noted that, "[a]t the conclusion of any such hearing, both the parents and the local educational agency may seek further administrative review and, where that proves unsatisfactory, may file a civil action in any state or federal court."  The plaintiffs in this matter also had an opportunity to seek "administrative review of any decisions" they believed inappropriate (such as the failure of specific school employees to address the harassment) and yet they failed to do so.  It is also noted that the plaintiff in *Honig*, was a target, "of teasing and ridicule as early as the first grade."

In *Reuther v. Shiloh School District*, 2008 UL 191195 (S.D. Ill. 2008), the plaintiff requested monetary relief to compensate for physical injuries (plaintiff suffered a concussion, allergic reaction, and hip and foot pain) and medical bills incurred.  The Court found no relief available under the IDEA and therefore, no requirement to exhaust administrative remedies.  The facts in *Reuther* are not similar facts to the case at bar.  The case at bar primarily alleges, "bullying and harassment."  Although the amended complaint states there was some physical contact, the only specific alleged injury is the plaintiff's suicide attempt which the Court can't help but to wonder whether such attempt could have been avoided if the plaintiff had availed herself of the counseling services offered through IDEA.

The remainder of the cases that plaintiff cites are also distinguishable from the case at bar. *Covington v. Knox County Sch. Sys.*, 205 F.3 912 (6th Cir. 2000)[2](administrative remedies attempted, but after proceedings went on over three years and the child graduated from the class,

---

[2] Non-controlling precident which the Court considers for the reasoning of the decision.

exhaustion of remedies would be futile as the available administrative remedies were inadequate.) *Butler v. Evans*, 225 F.3d 887, 894 (7th Cor. 2000)(Government not required to pay for parents' placement of child in hospital outside of the IDEA and procedures and IEP recommendations.) *M.P. v. Independent Sch. Dist. No. 721*, 439 F.3d 865, 867 (8th Cir. 2006)[3]( Court previously affirmed dismissal of IDEA claims for failure to exhaust administrative remedies but held that, "M.P. could pursue a Section 504 claim independent of his IDEA claims without exhausting administrative remedies.")

Finally, although the Court granted the Defendant's motion to submit additional authority (Doc. 40), it did not consider the *Carrol v. Lawton Independent School District No. 8*, 805 F.3d. 1222 (10th Cir. 2015) opinion in its decision.

The bullying and harassment of J.K. was undoubtedly cruel. The Court extends its hope that J.K. has sought counseling through other means and is in the process of recovering. Children in the IEP programs need special assistance and care which is entrusted to the educational system. However, when a point in that system fails, the parents must then pursue all avenues to ensure the safety and welfare of their child. Such is the purpose of the administrative remedies.

While there are some exceptions to the exhaustion requirement, the Court cannot find that any of the exceptions apply in this matter. Therefore, this matter is being resolved once again on the exhaustion issue and the Court will not address Defendants' claims of tort immunity.

Based on the above, Defendants' Motion (Doc. 35) to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**. This matter is **DISMISSED** with prejudice as plaintiff has been given an opportunity to correct her pleadings and there does not appear to be any means for plaintiff to file a valid cause of action.

---

[3] Non-controlling precedent which the Court considers for the reasoning of the decision.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 6/14/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
