IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIM KUHNER, Individually and as *Guardian of the Estate of J.K. a Minor*, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HIGHLAND COMMUNITY UNIT )<br>SCHOOL DISTRICT NO. 5, *et al.*, )<br>)<br>Defendants. ) | Case No. 15-cv-00107-JPG-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court on the timely motion (Doc. 46) of plaintiff Kim Kuhner to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e). Although titled as a Motion for Reconsideration, where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label). The Plaintiff also filed Additional Authority (Doc. 50) and the defendants filed a timely response (Doc. 52).

Plaintiff also filed a reply (Doc. 56) to defendants' response. Pursuant to Local Rule 7.1(c)(2), reply briefs are not favored and should only be filed in exceptional circumstances. Plaintiff's reply states that the defendants' response brief should be stricken by the Court for failure to comply with Local Rule 7.1. Specifically, Plaintiff states that defendants' response was filed in excess of the permitted 14 days. The Court first notes that the response period to a post-judgment motion is 30 days. Local Rule 7.1(c). Next, the Court granted the defendant 30 days from the filing of plaintiff's additional authority to file its response. The Court did not

specify that the defendant's additional time was allotted solely to a response to the plaintiff's additional authority. The additional time was allotted so that the defendants had adequate time to incorporate plaintiff's additional authority within its response. As such, defendants' response was filed within 30 days granted by the Court and the Court has considered the response.

On June 14, 2016, the Court entered judgment in this case following a ruling on defendant's Motion to Dismiss for Failure to State a Claim. The plaintiff now asks the Court to alter or amend that judgment. Under Rule 59(e), the Court has an opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

The only argument in plaintiff's motion is that this Court's Order (Doc. 43) granting defendants' motion to dismiss, "conflicts with the plain language of the relevant section of the IDEA, 20 U.S.C. § 1415(1)." (Doc. 46, pg 1.) Specifically, the plaintiff argues that exhaustion of administrative procedures is required prior to pursuing federal claims, but that exhaustion is not required for state law claims. The Court agrees. However, there does not appear to be any state law claims within the plaintiff's amended complaint.

Counts I, IV, VI, VIII, & X of Plaintiff's Amended Complaint (Doc. 32) are claims under 42 U.S.C. § 1983; Count II is a claim under the Rehabilitation Act of 1973; Count III is claim under the Americans with Disabilities Act of 1990; and Counts V, VII, IX, & XI are willful and wanton misconduct claims. Under Illinois law, "[t]here is no separate and independent tort of

"willful and wanton" misconduct. *Ziarko v. Soo Line R. Co.*, 161 Ill. 2d 267, 274, 641 N.E.2d 402, 406 (1994).   Because there is no separate willful and wonton state cause of action, there are no state claims that would not be subject to the administrative exhaustion requirements of the IDEA.

Therefore, Plaintiff Kim Kuhner's Motion (Doc. 46) to Reconsider Court's June 14, 2016 Order is **DENIED**.  The Court advises the Plaintiff that if she wishes to appeal the judgment in this case or this order, she must file a notice of appeal in this Court within 30 days of entry of this order, Fed. R. App. P. 4(a)(1)(A), (a)(4)(A) & (a)(4)(B)(ii), or within any extension of that deadline authorized by the Court, Fed. R. App. P. 4(a)(5).

**IT IS SO ORDERED.**

**DATED:**   10/21/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**